**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0068-CVE |
| ) | (Tenth Cir. Case No. 05-5210) |
| JIMMY THOMAS DOWLING, III, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the partial remand (Dkt. # 162) and defendant's motion for an extension of time nunc pro tunc for filing a notice of appeal (Dkt. # 167). On June 17, 2005, defendant pled guilty to conspiracy, a violation of 18 U.S.C. § 371, and possession of stolen mail, a violation of 18 U.S.C. § 1708. The Court sentenced defendant on September 26, 2005, and entered judgment on October 3, 2005. Under Fed. R. App. P. 4(b)(1)(A), defendant had until October 18, 2005 to file a timely appeal. See Fed. R. App. P. 26(a). Defendant filed a notice of appeal on November 14, 2005, which was twenty-seven days past the initial ten-day filing deadline but within the thirty-day permissible extension period that expired on November 17, 2005. On December 13, 2005, the Tenth Circuit partially remanded this matter for a determination by this Court as to whether defendant's failure to comply with the filing requirements of Fed. R. App. P. 4(b)(1)(A) was due to excusable neglect or good cause. Dkt. # 162. See Fed. R. App. P. 4(b)(4); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003).

On remand, the Court appointed Fred Randolph Lynn as counsel for defendant in the remand proceeding. Dkt. # 165. The Court conducted an evidentiary hearing on January 6, 2006. Prior to the hearing, Lynn met with defendant in person, and filed the pending motion (Dkt. # 167). The Court arranged to have defendant appear telephonically for the evidentiary hearing, with Lynn present in the courtroom. Following the hearing, the parties filed supplemental memoranda. (Dkt. ## 173, 174). Based on the entire record, including the evidentiary hearing, the Court enters the following findings of fact and conclusions of law:

**A.   FINDINGS OF FACT**

1. On March 24, 2005, at defendant's initial appearance, Jeffrey D. McGrew was appointed to represent defendant. Dkt. # 7.

2. McGrew represented defendant during plea negotiations, and at the change of plea and sentencing proceedings.

3. Defendant's Plea Agreement did not contain a waiver of appellate rights. Dkt. # 82-2.

4. During the change of plea colloquy, the following exchange occurred:

   > THE COURT: Do you also understand that under some circumstances, you or the government may have the right to appeal any sentence that is imposed?
   >
   > THE DEFENDANT: Ma'am, yes, ma'am.

   Dkt. # 170, Transcript of Change of Plea Hearing, at 19.

5. At defendant's change of plea hearing, the Court found:

   > . . . based upon defendant's admissions, demeanor, and responsive answers to my questions, that the defendant is fully competent and capable of entering an informed plea . . . .

   Id. at 30.

6. Defendant signed and submitted to the Court a Petition to Enter a Plea of Guilty which clearly states that:

> I have been advised and do understand that I have the right of appeal of any sentence imposed by the Court to the 10th Circuit Court of Appeals. Also, that any appeal must be filed no more than 10 days from date of sentence.

Dkt. # 82-2, at 6.

7. At defendant's sentencing, the Court expressly instructed him as to the time for appeal:

> THE COURT: Mr. Dowling, subject to any waiver of your right to appeal that's in your plea agreement, any appeal that you might want to file of this sentence must be filed within ten days. Do you understand that?
>
> THE DEFENDANT: Ma'am, yes, ma'am.
>
> THE COURT: If you wish to file an appeal, McGrew can assist you, and there are forms in the clerk's office where you can apply to appeal in forma pauperis. Do you understand?
>
> THE DEFENDANT: Yes, ma'am.

Dkt. # 166, Partial Transcript of Sentencing, at 9.

8. On October 3, 2005, the Court entered judgment, making the appeal deadline October 18, 2005.

9. On October 6, 2005, McGrew met with defendant at the David L. Moss Correctional Center, Tulsa, Oklahoma.

10. During the October 6 meeting, defendant and McGrew both signed a document related to appeal.

11. The document is protected by attorney-client privilege, which defendant has not waived.

12. Defendant did not ask McGrew to file a notice of appeal.

13. McGrew did not file a notice of appeal on behalf of defendant.

14. McGrew did not incorrectly advise defendant about the deadlines under Fed. R. App. P. 4.

15. McGrew did not tell defendant that he was not legally permitted to appeal.

16. McGrew honored the terms of the document executed on October 6, 2005.

17. Had defendant requested an appeal before October 18, 2005, McGrew would have filed the proper paperwork.

18. McGrew never refused to file a notice of appeal on behalf of defendant.

19. McGrew testified that he had the impression on October 6, 2005, that defendant would file something and McGrew thought it most likely would be under 28 U.S.C. § 2255.

20. Defendant testified at the hearing that he wants an appeal but wants someone other than McGrew to represent him.

21. Defendant made no effort to cause a notice of appeal to be filed until after he arrived at his Bureau of Prisons designated facility, the Federal Transfer Center, Oklahoma City.

22. During the plea and sentencing proceedings, defendant appeared to this Court to be articulate and intelligent.

**B.     CONCLUSIONS OF LAW**

1. Federal Rule of Appellate Procedure 4 provides in pertinent part:

> Upon a finding of excusable neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

2.  In <u>Pioneer</u>, the Supreme Court held that district courts must consider "all relevant circumstances surrounding the party's omission" in determining whether there was excusable neglect. 507 U.S. at 395. Circumstances relevant to "excusable neglect" include: the length of delay; the reason for delay; the prospect of unfair prejudice to non-movant; and whether movant acted in good faith. <u>Id.</u>; <u>United States v. Vogl</u>, 374 F.3d 976, 981 (10th Cir. 2004). For determination of whether a movant has shown excusable neglect, the "four <u>Pioneer</u> factors do not carry equal weight; the excuse given for the late filing must have the greatest import." <u>United States v. Torres</u>, 372 F.3d 1159, 1163 (10th Cir. 2004) (quotations omitted). Therefore, the length of delay (twenty-seven days) is not as significant as defendant's reasons for delay. The Federal Rules of Appellate Procedure do not excuse "inadvertence, ignorance of the rules, or mistakes construing the rules . . . ." <u>Pioneer</u>, 507 U.S. at 392; <u>see</u> <u>Torres</u>, 372 F.3d at 1163 ("A misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect.") (citation omitted). Additionally, the <u>Pioneer</u> factors of prejudice and good faith are examined following a finding of excusable neglect. If the Court finds that movant's neglect is excusable, it may still deny an extension if movant acted with bad faith or if an extension would prejudice the non-movant. <u>See</u> <u>United States v. Thompson</u>, 82 F.3d 700, 702 (6th Cir. 1996) ("Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith.").

3. "Good cause" applies to situations where the untimely filing was due to circumstances beyond the movant's control. See Bishop v. Corsentino, 371 F.3d 1203, 1207 (10th Cir. 2004) ("Good cause comes into play in situations in which there is no fault -- excusable or otherwise.").

4. The determinative issue in this case is whether defendant had an extraordinary reason to excuse his twenty-seven day delay in filing a notice of appeal. See Bishop, 371 F.3d at 1206-07 ("The time for taking an appeal should not be extended in the 'absence of circumstances that are unique and extraordinary.'") (quoting Gooch v. Skelly Oil Co., 493 F.2d 366, 370 (10th Cir. 1974)).

5. Defendant's reasons for the untimely filing are: McGrew's failure to offer to file a notice of appeal and then withdraw; defendant's ignorance of the filing procedure; and lack of access to legal resources once in custody. First, excusable neglect cannot be based on the fact that an error is attributable to counsel rather than to the represented party. Pioneer, 507 U.S. at 396 ("clients must be held accountable for the acts and omissions of their attorneys."); see United States v. Gibson, 832 F.Supp. 324, 327 (D. Kan. 1993) ("courts have refused to recognize excusable neglect when the failure to file an appeal in a timely manner is due to palpable oversight, administrative or clerical errors by the attorney or the attorney's staff, or if the error is a result of an attorney's busy schedule."). Further, based on the evidentiary hearing, the Court found that defendant did not ask McGrew to file a notice of appeal and did not rely on misinformation from McGrew. Second, defendant asks the Court for an extension based on his alleged ignorance of the procedure for appealing with a new lawyer. However, this reason for delay does not support a finding of excusable neglect. See Gibson,

832 F.Supp. at 327 ("Another well-established rule . . . holds that ignorance of the law or unfamiliarity with the federal rules will almost invariably fall short of excusable neglect."). At his sentencing, defendant stated that he understood the Court's instruction on the ten-day deadline for filing a notice of appeal and there is no testimony before the Court from defendant that he misunderstood the filing deadline. On October 6, 2005, defendant met with McGrew and could have asked McGrew to file an appeal. Having knowingly failed to do so, defendant was left with the option of filing the notice himself. Pro se status does not excuse the obligation to comply with filing requirements. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation to any litigant to comply with the fundamental requirements of the Federal Rules of [] Appellate Procedure."); United States v. Pinkey, 548 F.2d 301, 311 (10th Cir. 1977) ("He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer."). Finally, defendant alleges that the delay was due to good cause because the lack of access to legal resources was beyond his control once he was in government custody. However, the record is clear that defendant had access to legal resources through McGrew. Following the sentencing, McGrew was available to respond to any questions defendant may have had. Additionally, McGrew made himself available when he visited defendant in jail on October 6. Thus, this scenario does not fall under the scope of "good cause." See Torres, 372 F.3d at 1161 n.1 ("Good cause . . . is usually occasioned by something that is not within the control of the movant.") (citations omitted). Defendant had opportunities to ask McGrew to file a notice of appeal and a motion to withdraw, at which time another lawyer would have

        been appointed. Defendant's failure to do so does not amount to excusable neglect or good cause.

6. Defendant argues that the filing of a late notice of appeal will not significantly prejudice the government and that his delay was not in bad faith. However, these Pioneer factors are only relevant once the Court finds that the delay is based on excusable neglect or good cause. See Thompson, 82 F.3d at 702.

7. Defendant's reasons for an untimely filing are neither unique nor extraordinary. Defendant does not contend that he instructed McGrew to appeal, and it appears he signed a document acknowledging that he did not wish McGrew to do so. Despite his "heartfelt desire to appeal," he took no action to attempt to do so until well after his appeal time expired. Defendant's delay in no way arose out of unique circumstances that were beyond defendant's control. Based on the record, the Court finds that defendant's failure to comply with the filing requirement of Rule 4(b)(1)(A)(i) was not based on excusable neglect or good cause.

**IT IS THEREFORE ORDERED** that defendant's motion for an extension of time nunc pro tunc for filing a notice of appeal (Dkt. # 167) is **denied. The Clerk is directed to supplement the preliminary appellate record by transmitting this Opinion and Order, as well as all other documents filed as a result of this partial remand (Dkt. # 162), to the Tenth Circuit Court of Appeals, Case No. 05-5210**.

**DATED** this 25th day of January, 2006.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT