**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-CR-0068-002-CVE** |
| | ) | **(08-CV-0295-CVE-FHM)** |
| | ) | |
| **JIMMY THOMAS DOWLING, III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is the pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 261) filed by defendant Jimmy Thomas Dowling, III.  Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  The United States responded to defendant's § 2255 motion (Dkt. # 264), and argues that it was filed beyond the statute of limitations and should be dismissed.[1]  For the reasons discussed below, the Court finds that defendant's motion should be dismissed with prejudice as barred by the one-year statute of limitations.

---

[1]     On July 11, 2008 and again on September 12, 2008, Dowling filed motions requesting an extension of time to file a reply to the government's response to his § 2255 motion. Dkt. ## 267, 278. Both extensions were granted (Dkt. ## 269, 279), and Dowling was ordered to file his reply by November 19, 2008.  To date, no reply has been filed.

**I.**

On April 8, 2005, a 15-count indictment was returned against defendant Jimmy Thomas Dowling, III, and five co-defendants. Dkt. # 13. Count 1 of the indictment charged Dowling with conspiracy in violation of 18 U.S.C. § 371. Counts 8 and 13 charged Dowling with bank fraud in violation of 18 U.S.C. § 1344. Counts 9 and 15 charged Dowling with possession of stolen mail in violation of 18 U.S.C. § 1708. On June 17, 2005, Dowling entered a plea of guilty pursuant to a plea agreement with the government to Counts 1 and 9 of the indictment; the government agreed to dismiss the remaining counts against Dowling at sentencing. Dkt. # 82.

On September 26, 2005, Dowling was sentenced to 60 months on Count 1 and 60 months on Count 9, to run consecutively. Dkt. # 117. On November 14, 2005, Dowling filed an untimely notice of appeal (Dkt. # 151), which was partially remanded by the Tenth Circuit for determination of whether his failure to comply with the filing requirements was excusable neglect. Dkt. # 162. The Court held an evidentiary hearing on January 6, 2006, and on January 25, 2006 issued an Opinion and Order holding that there was no excusable neglect.[2] Dkt. # 175.

On January 25, 2006, Dowling appealed the Court's January 25, 2006 ruling. Dkt. # 176. The Tenth Circuit affirmed the Court's remand order and dismissed the underlying appeal. Dkt. # 203. Dowling filed a petition for a writ of certiorari with the United States Supreme Court on March 13, 2007 (Dkt. # 211), which was denied on April 16, 2007 (Dkt. # 216). Thus, a timely § 2255 motion could have been filed on or before April 16, 2008. Dowling certified that he placed his 2255

---

[2]     The Court also denied Dowling's motion for an extension of time to file a notice of appeal nunc pro tunc. Id.

motion in the prison mailing system on May 14, 2008, and it was filed on May 19, 2008.[3]  Dkt. #

261.  Therefore, Dolwing's motion was filed after the one-year statute of limitations provided by §

2255, and his motion is untimely.

## II.

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death

Penalty Act (AEDPA), enacted April 24, 1996, provides, in pertinent part, as follows: "A 1-year

period of limitation shall apply to a motion under this section. The limitation period shall run from

the latest of (1) the date on which the judgment of conviction becomes final . . . ."  To warrant

equitable tolling of the limitations period, defendant must demonstrate "extraordinary

circumstances."  See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing

Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).  Such circumstances exist if "the petitioner has

in some extraordinary way . . . been prevented from asserting his or her rights."  Miller v. N.J. State

Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted).  Defendant must also plead with

"specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal

claims."  Marr, 141 F.3d at 978.

In Dowling's § 2255 petition, he acknowledges that his petition for a writ of certiorari was

denied on April 16, 2007, but nonetheless states that "the last date for which the Petitioner to file

this action [sic] will be July 15, 2008."  Dkt. # 261, at 15.  It is well-settled that a defendant has one

year from the date that the Supreme Court denies his petition for a writ of certiorari.  United States

---

[3]     The Tenth Circuit has applied the "prison mailbox rule" to a federal inmate's filing of a §
        2255 motion and, if the defendant utilizes the prison's legal mail system, the Court should
        look to the date of mailing rather than the date of filing to determine the timeliness of
        defendant's § 2255 motion.  United States v. Gray, 182 F.3d 762, 765 (10th Cir. 1999).

v. Willis, 202 F.3d 1279, 1280 (10th Cir. 2000).  Dowling is incorrect that he was entitled to one year plus ninety days to file his § 2255 motion.  Although Dowling is a pro se petitioner, he is still required to comply with the procedural requirements for filing a § 2255 motion.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Moreover, Dowling is not entitled to equitable tolling of the limitations period.  Dowling failed to reply to the government's response, and accordingly, has failed to demonstrate that he was prevented from asserting his rights or that he otherwise diligently pursued his claims.  Thus, the Court finds that Dowling is not entitled to equitable tolling of the limitations period.

**IT IS THEREFORE ORDERED** that defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 261) is **dismissed with prejudice**.  A separate judgment is entered herewith.

**DATED** this 2nd day of March, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT